Keith D. Karnes OSB # 03352
Olsen, Olsen & Daines
1599 State St.
P.O. Box 12829
Salem, OR 97309-0829
(503)362-9393

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Farrah Campbell,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Quick Collect, Inc.,<br><br>　　　　Defendant. | Case No. C4-6149-TC<br><br>Complaint for Violation of Fair Debt Collection Practices Act and Oregon Unlawful Debt Collection Practices Act<br><br>**JURY REQUESTED** |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Farrah Campbell, an individual consumer, against Defendant, Quick Collect, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (herein "FDCPA") and the Oregon Unlawful Debt Collection Practices Act, O.R.S. § 646.639 (herein "UDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

///

Page 1 – COMPLAINT

## II. JURISDICTION

2. Jurisdiction for the FDCPA claim arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Jurisdiction for the UDCPA claim arises under 28 U.S.C. § 1367. Venue in this District is proper because Defendant conducts business in Oregon and the conduct complained of occurred within the District.

## III. PARTIES

3. Plaintiff, Farrah Campbell, is a natural person residing in Eugene, Oregon.

4. Defendant, Quick Collect, Inc., is an Oregon corporation engaged in the business of collecting debts in Oregon with its principal place of business located in Vancouver, Washington. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Employees for Defendant communicated with Plaintiff several times via telephone without disclosing that they were attempting to collect a debt and that any information obtained would be used for that purpose.

7. As a result of Defendant's actions Plaintiff has suffered from embarrassment and emotional distress.

8. Defendant had telephoned Plaintiff at her place of employment in an attempt to collect a debt.

9. Plaintiff has informed Defendant she cannot accept telephone calls at work.

10. Defendant has repeatedly telephoned Plaintiff at her place of employment despite her demands to stop.

11. Each time Defendant would telephone Plaintiff the employees would identify the company as only "QCI".

12. Plaintiff has demanded to know the full name of Defendant and Defendant has refused to provide such information.

## V.  CLAIM FOR RELIEF

13. Defendant's action in failing to disclose that Defendant was attempting to collect a debt violated the FDCPA, 15 U.S.C. § 1692e(11).

14. Defendant's action in failing to disclose its full name is a violation of the FDCPA, 15 U.S.C. § 1692e(14).

15. Defendant's action in telephoning Plaintiff at her place of employment is a violation of the FDCPA, 15 U.S.C. § 1692c(a)(3).

16. Defendant's action in telephoning Plaintiff at her place of employment is a violation of the UDCPA, O.R.S. § 646.639(2)(g).

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment the Defendant's actions violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

18. As a result of the foregoing violations of the UDCPA, Defendant is liable to the Plaintiff for a declaratory judgment the Defendant's actions violated the FDCPA, actual damages, statutory damages, punitive damages, costs and attorney fees.

/ / /

WHEREFORE, plaintiff Farrah Campbell respectfully requests that judgment be entered against Defendant as follows:

    A.    Declaratory Judgment that Defendant's actions violated the FDCPA and UDCPA;

    B.    Actual Damages in an amount of be proved at trial;

    C.    Statutory Damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000;

    D.    Punitive Damages in the amount of $10,000

    E.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and O.R.S. § 646.641; and

    F.    For such other relief that the Court may deem just and proper.

DATED this 13th day of May, 2004.

By _____
Keith D. Karnes, OSB # 03352
of Attorneys for Plaintiff

Please take notice that Plaintiff requests a trial by jury in this matter.

_____
Keith D. Karnes, Attorney for Plaintiff

Page 4 – COMPLAINT